UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL DEMETRIUS DIXON,

    Plaintiff,

v.                                       Case No. 5:16cv137/MP/CJK

JOHN DALLAS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Plaintiff's motion to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this suit.

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Upon review of the complaint, the undersigned finds it should be dismissed as malicious.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 5).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*).  He disclosed one case.  The next question asks whether plaintiff has ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  Plaintiff marked "No" and disclosed no cases. (*Id.*).  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY**

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action.

Case No. 5:16cv137/MP/CJK

OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT."

(Doc. 1, p. 18). Thus, in effect, plaintiff stated that, at the time he filed his complaint, he had initiated only one other action in federal court that related to the fact or manner of his incarceration and had never had a federal court action dismissed prior to service.

    As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent

---

    [2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 5:16cv137/MP/CJK

verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that, at the time plaintiff filed his complaint in this case, plaintiff had initiated at least four other civil actions in federal court that required disclosure: *Dixon v. Sec'y, Fla. Dept. of Corrections*, Case No. 6:13cv847-CEH-TBS (docketed May 31, 2013 in the Middle District of Florida and dismissed without prejudice, prior to service, on June 24, 2013 as a second, unauthorized habeas petition); *Dixon v. McGregor,* Case No. 5:11cv287-MP-EMT (docketed August 19, 2011 in this court, transferred to the Middle District of Florida on September 23, 2011, and assigned Case No. 3:11cv958-MMH-MCR); *Dixon v. Sec'y, Fla. Dept. of Corrections*, Case No. 6:10cv364-MSS-DAB (docketed March 8, 2010 in the Middle District of Florida and dismissed without prejudice, prior to service, on April 1, 2010 as a second, unauthorized habeas petition); *Dixon v. Crosby*, Case No. 6:04cv1426-JA-JGG (docketed September 28, 2004 in the Middle District of Florida and dismissed with prejudice on June 27, 2006). All four cases were filed before plaintiff instituted the instant action. Plaintiff did not disclose any of the cases despite the complaint form's clear instruction that he do so.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 5:16cv137/MP/CJK

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be GRANTED for the limited purpose of dismissing this action.

2. That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of May, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 5:16cv137/MP/CJK